DECISION
Before the Court in these consolidated appeals is a Motion to Reconsider, so-called, filed by Appellants Redwood Realty II, LLC ("Redwood") and North American Processing, LLC, formerly known as New England Dispose, LLC (collectively, "Appellants"). Specifically, Appellants seek the Court to amend its Decision, filed March 16, 2011, pursuant to Super. R. Civ. P. 60. The Appellee Town of Cumberland Zoning Board, acting as the Board of Review and the Board of Appeals ("Zoning Board" or "Appellees") objects to the motion. *Page 4 
Jurisdiction is pursuant to G.L. 1956 § 45-24-69 and the Superior Court Rules of Civil Procedure.
 I Facts and Travel
A detailed recitation of the facts and travel already has been provided by the Court in its March 16, 2011 Decision. Consequently, the Court will provide only the facts it deems necessary for resolution of the instant Motion.
On March 13, 2006, Appellants requested a zoning certificate for a proposed construction and demolition processing facility ("C D facility") from the Town of Cumberland. On March 20, 2006, the Town Planner issued a zoning certificate after concluding that the proposal was allowed by right. The Appellants then submitted a Preliminary Design Plan Review application to the Town of Cumberland Planning Board (Planning Board). The application was certified as complete on May 2, 2006. When the Planning Board did not hold a hearing within sixty-five days of the certification, Appellants maintained that the Planning Board had approved the plan by operation of law in accordance with Section 5(f) of the Cumberland Land Development and Subdivision Regulations. Accordingly, Appellants noticed their intention to seek a Final Plan review. Meanwhile, though not pertinent to the instant issue, the Court observes that two appeals challenging the issuance of the zoning certificate were filed by Cumberland residents.
On January 8, 2007, a new building inspector was hired. One of his first orders of business was to review and evaluate Appellants' zoning certificate request. The building inspector concluded that the zoning certificate had been issued erroneously because it did not fall within the applicable provisions of the Zoning Ordinance for the Town of Cumberland. On January 19, 2007, the Town of Cumberland revoked Appellants' zoning certificate. On February 16, 2007, *Page 5 
Appellants appealed the revocation to the Zoning Board for the Town of Cumberland (Zoning Board).
On February 28, 2007, during the pendency of the aforementioned appeal, Appellants submitted two new zoning certificate requests, one for a C D facility, and one for a "wood processing facility." Both requests were denied on March 19, 2007. On April 2, 2007, Appellants appealed this denial to the Zoning Board.
On April 23, 2007, the Zoning Board convened a hearing on Appellants' appeals. Thereafter, the parties agreed by way of stipulation to temporarily stay the proceedings before the Zoning Board so that Appellants could submit a Development Plan Review application for the C D facility to the Planning Board for its consideration. The parties agreed that in the event that the Planning Board denied the application, Appellants would recommence their appeals before the Zoning Board.
On May 30, 2007, the Planning Board conducted a public hearing on Appellants' aplication for a Development Plan Review. The Planning Board recommended denial of the application in light of the building inspector's conclusion that the C D facility was not a permissible use. As a result of its recommendation, the Planning Board did not consider the merits of the application. The Appellants appealed the ruling to the Zoning Board.
Thereafter, the Zoning Board consolidated Appellants' multiple appeals and conducted concurrent hearings. Ultimately, the Zoning Board voted to deny each of Appellants' four appeals in three written decisions. The Zoning Board concluded that the building inspector properly revoked and/or denied zoning certificates because the proposed C D facility and wood processing facility are not permitted under the Zoning Code. The Zoning Board further *Page 6 
concluded that the Planning Board properly denied the development Plan Review application. The Appellants timely appealed the rulings to this Court.
After thoroughly reviewing the entire record in these consolidated appeals, on March 16, 2011, the Court issued its Decision. SeeRedwood Realty II, LLC v. Bruce, PC/08-1185, PC/081186, PC/08-1187 (R.I. filed March 16, 2011). In its Decision, the Court reversed two of the decisions issued by the Zoning Board by concluding "that the Zoning Board exceeded its statutory authority when it purported to render binding decisions upholding the revocation of the zoning certificate and the subsequent denials of the zoning certificate requests."Id. at 14. The Court also reversed the Zoning Board's third decision and remanded the matter "to the Planning Board for consideration of Appellants' Development Plan Review application."Id. at 34. The Appellants' now seek the Court to reconsider its March 16, 2011 Decision. The Appellees object.
 II Standard of Review
The motion presently before the Court is a Motion to Reconsider. Our Supreme Court has stated
 "The Superior Court Rules of Civil Procedure, similar to the Federal Rules of Civil Procedure, do not provide for a motion to reconsider. This Court, however, applies a liberal interpretation of the rules to "look to substance, not labels." Sarni v. Meloccaro, 113 R.I. 630, 636, 324 A.2d 648, 651 (1974). Historically, we have allowed "motions to reconsider" to be treated as motions to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure, and the school committee indicates in its brief that it intended its motion to be considered as such. See, e.g., Keystone Elevator Co. v. Johnson Wales University, 850 A.2d 912, 916 (R.I. 2004). "A Rule 60(b) motion to vacate is addressed to the trial justice's sound judicial discretion and `will not be disturbed on appeal, absent a showing of abuse of discretion.'" Id. (quoting Crystal Restaurant Management Corp. v. Calcagni, 732 A.2d 706, 710 (R.I. 1999))." *Page 7 School Committee of City of Cranston v. Bergin-Andrews, 984 A.2d 629, 649 (R.I. 2009).
Rule 60(b) of the Superior Court Rules of Civil Procedure, entitled "Relief from Judgment or Order," provides in pertinent part:
 "Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Super. R. Civ. P. 60(b)
Rule 59 of the Superior Court Rules of Civil Procedure governs new trials and amendments of judgments. It provides in pertinent part: "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Super. R. Civ. P. 59(e).
 III Analysis
At the outset, the Court observes that judgment has yet to enter in this case. Consequently, although Appellants' motion is entitled a "Motion to Reconsider," Super. R. Civ. P. 59 and Super. R. Civ. P. 60 are inapplicable as they both require the existence of a judgment. Consequently, the Court will consider the motion as one to clarify the Decision.
In their "Motion to Reconsider," Appellants seek the Court to instruct the Planning Board to "consider the application as before the Board on May 30, 2007, pursuant to the *Page 8 
rules regulations and ordinances, applicable and enacted, as of that date." The Appellees do not object to the requested instruction.
Section 45-24-44 of the General Laws, entitled "General Provisions — Creation of Vested Rights," provides:
 "(a) Zoning ordinances or other land development ordinances or regulations specify the minimum requirements for a development application to be substantially complete for the purposes of this section.
 (b) Zoning ordinances or other land development ordinances or regulations specify the minimum requirements for a development application to be substantially complete for the purposes of this section.
 (c) Any application considered by a city or town under the protection of this section shall be reviewed according to the regulations applicable in the zoning ordinance in force at the time the application was submitted." Section 45-24-44.
In the instant matter, as noted in the Court's previous Decision,
 "`on October 7, 2009, the Cumberland Town Council repealed the then existing Zoning Ordinance and replaced it with an entirely new Zoning Ordinance. See Cumberland, RI, Ordinance Related to the Zoning Ordinance (Oct. 7, 2009).' Redwood Realty II, LLC v. Bruce, PC/08-1185, PC/08-1186, PC/08-1187, at 3 n. 3 (R.I. filed March 16, 2011).
 However, since the commencement of the instant appeals predated the enactment of the new Zoning Ordinance, the Court will address the former provisions." Redwood Realty II, LLC v. Bruce, PC/081185, PC/08-1186, PC/08-1187, at 1 n. 1.
The same reasoning would apply to the Planning Board's review of the application; namely, that the Zoning Ordinance as it existed before its reenactment should apply to Appellants' application. This conclusion is supported further by Appellees' waiver of any argument to the contrary.
The Appellants also seek the Court to instruct the Planning Board to consider "only the materials and information that were presented to the Board when the application was denied on *Page 9 
May 30, 2007, i.e. the `Record' forwarded by the Planning Board to the Zoning Board, and subsequently incorporated into the record forwarded to this Court. . . ." The Court declines this request.
As the Court stated in its previous Decision,
 "Following an initial hearing before the Zoning Board on April 23, 2007 regarding Appellants' appeals, the parties agreed by way of stipulation to temporarily stay the proceeding pending a hearing before the Planning Board regarding the proposed C D Facility. (Stipulation, May 3, 2007.) The stipulation set forth that Appellants would submit a Development Plan Review application for the C D Facility to the Planning Board. Id. The parties agreed that in the event the Planning Board denied the application, Appellants would then recommence their appeals before the Zoning Board. Id." Redwood Realty II, LLC v. Bruce, PC/081185, PC/08-1186, PC/08-1187, at 11.
The Court then specifically observed that "in considering a Development Plan Review application, the Planning Board is charged with the responsibility to receive evidence and make certain findings with respect to the proposed project." Id. at 32. Instead, "the Planning Board exclusively relied upon the non-binding determination by the Building Official, Mr. Madden, that the proposed C D Facility was not allowed in a light industrial (I-1) zoning district." Id. at 33. Thus, in spite of the fact that the Planning Board was charged with receiving evidence and making certain findings with respect to the proposed project, it failed to do so.
Thereafter, the Court concluded that "notwithstanding the insufficiency of the record, the Zoning Board improperly proceeded to uphold the Planning Board's denial of Appellants' Development Plan Review application, ostensibly based on the evidence submitted in connection with consolidated zoning certificate appeals."Id. at 33-34. The Court then remanded the matter "to the Planning Board for consideration of Appellants' Development Plan Review application." Id. at 34. *Page 10 
In light of the fact that the Planning Board never addressed the alleged merits of the application nor was it presented with any evidence in objection to those merits, the hearing on remand necessarily must include the opportunity for objectors to present evidence against the application. Consequently, the Court declines Appellants' request to limit the Planning Board's review of the application only to the materials it had before it on May 30, 2007.
 IV Conclusion
The Appellants' "Motion for Reconsideration" is granted in part, and denied in part. The Planning Board shall consider Appellants' application pursuant to the Zoning Ordinance in effect prior to October 7, 2007. Furthermore, at the hearing on remand, the Planning Board may receive and consider any evidence presented.
Counsel shall submit an appropriate order consistent with this judgment.
 *Page 1